IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SINCLAIR L.D. JOHNSON INTERNATIONAL, INC.** and **SINCLAIR L.D. JOHNSON** : : : : **Plaintiffs** : : v. : : **FAULKNER NISSAN, INC. d/b/a FAULKNER NISSAN,** : : : **Defendant** : | CIVIL ACTION NO. 1:06-CV-2256 (Judge Conner) |

# <u>ORDER</u>

AND NOW, this 8th day of June, 2009, upon consideration of plaintiffs' motion (Doc. 64) for leave to file an amended complaint, wherein plaintiffs request permission to raise a claim for breach of contract,[1] and it appearing that plaintiffs are seeking to add an entirely new cause of action, that fact discovery in the above-

---

[1] In the brief in support of the motion (Doc. 64) to amend, plaintiffs aver that they "contracted with Faulkner Harrisburg, part of the Faulkner organization, for the provision of an advertising campaign entitled 'Test Market Pricing.' One of the clauses in the contract states that 'Licensee after the duration period of Promotion has expired any and all usage of any and all part(s) of the Promotion will (cease and decisis) terminate (including internal usage).[']" (Doc. 74 at 1 (internal citations omitted)). The referenced contract constitutes an agreement—entered into in 1994—between Sinclar L.D. Johnson and Faulkner Harrisburg. Faulkner Harrisburg is not a party to the instant lawsuit, and plaintiffs do not seek leave to assert claims against Faulkner Harrisburg. Rather, plaintiffs allege that Faulkner Nissan and Faulkner Harrisburg are "affiliate organizations," and that by virtue of their association, Faulkner Nissan breached the terms of the above-described contract. Faulkner Nissan is not a signatory to the alleged contract. Thus, it appears that Faulkner Nissan is a separate legal entity from Faulkner Harrisburg. Granting leave to amend at this juncture would therefore require additional fact discovery and, ostensibly, joinder of Faulkner Harrisburg.

captioned matter closed on December 1, 2008, (see Doc. 51), and that defendants filed a motion (Doc. 52) for summary judgment on January 5, 2009, and the court concluding that plaintiffs have delayed in seeking the requested amendment for in excess of two years,[2] that allowing amendment at this juncture would require additional fact discovery and briefing on summary judgment, and that defendants would suffer undue prejudice therefrom, see Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984) ("[T]he touchstone [of the amendment inquiry] is whether the non-moving party will be prejudiced if the amendment is allowed."); see also Panetta v. SAP Am. Inc., 294 F. App'x 715, 718 (3d Cir. 2009) (rejecting motion to amend when movant sought to add a new claim the assertion of which would require the court to reopen discovery and the defendants to "repeat processes that were already complete"); Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (recognizing that courts should consider "whether allowing an amendment would result in additional discovery, cost, and preparation

---

[2] Plaintiffs commenced the above-captioned lawsuit on November 21, 2006. (Doc. 1.) An amended complaint (Doc. 16) was filed on March 15, 2007, but plaintiffs did not include the breach of contract claim that is the subject of the instant motion. The parties thereafter sought numerous extensions of the discovery deadline. (See Docs. 27, 29, 31, 51.) Plaintiffs obtained new counsel on August 4, 2008, (see Doc. 50), and plaintiffs now claim that any delay in attempting to raise the breach of contract claim should be measured from the point at which its current counsel was retained, (see Doc. 74). This plea carries little weight. The contract in question arose in 1994. Plaintiffs knew of the contract, and the obligations flowing therefrom, long before initiating this lawsuit. Several months elapsed between retention of new counsel and the close of discovery within which plaintiffs had time to identify the breach of contract claim and to request additional time to pursue it. Plaintiffs' motion to amend was instead filed over six weeks after the dispositive motion deadline and, given the nature of the intended claim, the court finds the motion to be untimely.

to defend against new facts or new theories"); Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 642 (3d Cir. 1993) (holding that movant "should have moved to amend his pleadings during discovery" and that the attempt to amend "after the close of discovery would prejudice the defendant"), it is hereby ORDERED that plaintiffs' motion (Doc. 64) to amend is DENIED.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge