IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SINCLAIR L.D. JOHNSON         :
INTERNATIONAL, INC. and       :
SINCLAIR L.D. JOHNSON,        :  Civil Action No. 1:06-CV-2256
                              :
    Plaintiffs               :  (Judge Conner)
                              :
    v.                       :  (Magistrate Judge Carlson)
                              :
FAULKNER NISSAN, INC. d/b/a   :
FAULKNER NISSAN,              :
                              :
    Defendant                :

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

In this case, Plaintiff Sinclair L.D. Johnson and a corporation he founded, Sinclair L.D. Johnson International, Inc. (collectively, "Plaintiffs"), have alleged that Defendant Faulkner Nissan, Inc. ("Defendant" or "Faulkner"), a car dealership in Harrisburg, Pennsylvania, violated the federal copyright laws through advertising slogans that Johnson claims to have invented and which he contends are subject to copyright protection. Specifically, Plaintiffs claim to have a copyright in two forms of automobile advertising entitled "Test Market Pricing" and "Special Notice Collection." Following the close of discovery in this case, Defendant moved for summary judgment on Plaintiffs' claims on the grounds that

the advertising hooks in question are insufficient, as a matter of law, to benefit from federal copyright protection; because copyright law does not extend to ideas or concepts, but rather to expression; and because the advertisements in question are not substantially similar to Plaintiffs' protected works. (Doc. 52.) The motion has been supported and opposed by several briefs filed by the parties and is now ripe for adjudication.

Following review of the motion and accompanying briefs, and following review of the relevant legal principles that control disposition of Plaintiff's claims, it will be recommended that Defendant's motion be granted in its entirety and that judgment entered in Defendant's favor.

## II. BACKGROUND

In July 1990, Sinclair Johnson, through S.L.D. Johnson Marketing/Advertising, Inc., obtained copyrights for a form of automobile advertising that he called "Test Market Pricing," which copyright is identified as TXu 423-406.[1] (Am. Compl., Ex. A.) In the documents submitted with

---

[1] S.L.D. Johnson Marketing/Advertising, Inc. is not a party to this litigation, and Mr. Johnson testified during his deposition that the corporation is no longer in existence. (Def. Statement of Material Facts, Ex. C, Deposition of Sinclair Johnson, at 72) (hereafter "Johnson Dep. at __.") It appears there may be some confusion or dispute between Plaintiffs and Defendant as to whether there was ever a valid transfer of the copyright for "Test Market Pricing" from S.L.D. Johnson Marketing, Advertising, Inc. to either Mr. Johnson personally or to Sinclair L.D. Johnson International, Inc. Indeed, Mr. Johnson testified that it was his belief that he was the current owner of the copyrighted material even though to his knowledge there had never been a

Defendant's statement of undisputed material facts offered in support of summary judgment, "Test Market Pricing" is evidenced by the copyrighted phrase in large block letters at the top of the page, with information regarding the limited duration of a particular automobile sale, and words to indicate that the dealership using the advertisement is seeking to determine how low the dealership needed to go in order to move a quantity of inventory. (Def. Statement of Material Facts, Ex. A.)

In September 1990, Johnson obtained copyright protection for a form of automobile advertising entitled "Special Notice Collection," which copyright is identified as TXu 433-858. (Am. Compl., Ex. B.) "Special Notice Collection" is evidenced by use of the phrase "Special Notice" in large block letters at the top of the page, contains brief information regarding the limited duration of the advertised sales event, and includes words indicating that the sale was to be part of a "massive one time selldown" of a quantity of inventory with prices reduced so drastically that if the sale were advertised publicly it would "seriously disrupt business conditions" at other dealerships in the advertising vicinity. (Id.)

---

transfer or assignment of the copyrights. (Johnson Dep. at 73.) Mr. Johnson further averred that because it was he who created the copyrighted material, there was no need for a formal assignment of the copyright from the corporation to him personally. (Id. at 75.) The parties did not pursue this dispute further and the issue of standing to assert the copyright claims to TXu 423-406 for "Text Market Pricing" has not been raised.

At some point following the issuance of the foregoing copyrights, Defendant Faulkner Nissan, Inc. ran at least two direct-mail advertising initiatives that included the dealership's logo and trade dress, and included a heading entitled "Private Notice: Special Test Market." (Am. Compl., Ex. C; Def. Statement of Material Facts, Ex. C.) The direct mailers included information regarding a limited duration sale event advertised through a direct-mail campaign that used "special test market pricing and financing," and indicated that the dealership was seeking to acquire used vehicles through factory incentives and generous trade-in values.[2] (Id.) During his deposition, Plaintiff attested that he became aware of the allegedly infringing advertising while he was attempting to sell advertising services to a competing automotive dealer in the Harrisburg, Pennsylvania area and was told by a prospective purchaser that another dealership had recently run an ad campaign similar to that Plaintiff was marketing.

Plaintiff commenced this lawsuit on November 21, 2006, naming Faulkner Nissan as defendant and alleging two counts of copyright infringement relating to both TXu 423-406 and TXu 433-858. (Doc. 1.) Plaintiffs filed an amended

---

[2] In the original complaint, Plaintiffs averred that the alleged infringement occurred at some point during 1995, but in the amended complaint Plaintiffs claim that the alleged infringement occurred sometime during 2005. It is not clear from the parties' briefs and other papers exactly when the allegedly infringing advertisement may have issued.

complaint on March 15, 2007, seeking to enjoin Defendant from infringing upon the copyrights and seeking damages that Defendant realized from the allegedly infringing activity, and requesting attorney's fees and costs of suit. (Doc. 16.) Defendant answered the complaint on May 29, 2007. Following discovery, which was extended on motion until December 1, 2008, Defendant moved for summary judgment on January 5, 2009. The parties filed a series of briefs in support of and opposition to the motion until March 2, 2009. The motion is now ripe for disposition and, for the reasons that follow, we recommend that the Court grant the motion and enter judgment in favor of Defendant because the ideas and concepts for which Plaintiff seeks copyright protection are not entitled to such protections, and because the allegedly infringing advertisement is not sufficiently similar to Plaintiffs' copyrighted advertising materials to allow a finding of copyright infringement.

## III. STANDARD OF REVIEW

Defendant has moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which provides that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

5

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249.

There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

## IV. DISCUSSION

For purposes of the pending motion, Defendant concedes that Plaintiff has a valid copyright issued by United States Copyright Office for both the "Test Market Pricing" and "Special Notice Collection" materials that are attached to the amended complaint. Nevertheless, Defendant contends, as an initial matter, that the terms "test market pricing" and "special notice" are themselves not subject to copyright protection because they are ordinary, short phrases for which copyright protection is unavailable.

Defendant is correct that courts have traditionally found that ordinary, short words and phrases are not entitled to copyright protection. Thus, for example, courts have found that phrases such as "safety core,"[3] "the most personal form of

---

[3] J. Racenstein & Co. v. Wallace, No. 96 Civ. 9222, 1999 WL 632853, *2 (S.D.N.Y. 1999) (finding that the slogan for the product in question was not subject to copyright because the words used "do not exhibit the minimal amount of creativity").

deoderant,"[4] and "retail plus"[5] are not protected by copyright. Not only has this finding been reached with respect to the foregoing short phrases, but it has actually been found with respect to "test market pricing" in prior litigation that Johnson brought in the Western District of Virginia. See Johnson v. Automotive Ventures, Inc., 890 F. Supp. 507, 512 (W.D. Va. 1995) ("The court holds that the phrase 'test market pricing' is a short phrase that is not copyrightable in and of itself."). Courts refuse to find such short phrases or expressions to be copyrightable, "even if they are distinctly arranged or printed." Kitchens of Sara Lee, Inc. v. Nifty Foods, 266 F.2d 541, 544 (2d Cir. 1959). See also 37 C.F.R. 202.1(a) (copyright protection does not reach "words and short phrases such as names, titles, and slogans"). Legal commentators have explained this refusal, in part, by observing that "the shorter the phrase, the likelier is independent duplication. It is difficult by the methods of litigation to distinguish between it and deliberate copying." William M. Landes & Richard A. Posner, The Economic Structure of Intellectual Property Law, at 89 (2003).

Upon consideration, we find that the phrases "test market pricing" and "special notice" are indicative of the type of short and ordinary phrases that are not

---

[4] Alberto-Culver Co. v. Andrea Dumon, Inc., 466 F.2d 705, 711 (7th Cir. 1972).

[5] Arvelo v. Am. Int'l Ins. Co., 875 F. Supp. 95, 100 (D.P.R. 1995).

entitled to copyright protection. Accordingly, it will be recommended that the Court refuse to find that copyright protection extends to these basic phrases.[6]

### B. Copyright Law Protects Expression Rather than Ideas or Concepts.

In addition, review of Mr. Johnson's deposition in this case makes clear that in this litigation he is also improperly seeking to obtain copyright protection for the ideas and concepts that he claims to be embodied within the phrases "test market pricing" and "special notice" advertising themes, and the materials attached to his copyright applications. For example, Johnson testified that he believed that the <u>themes</u> of the advertisements, reflected in the phrases "test market pricing" and "special notice," were themselves the subject of copyright protection. (Johnson Dep. at 78, 86 & 88.) But the law is clear that copyright protection does not extend to ideas and concepts, but rather to expressive material. <u>See, e.g.</u>, <u>Andrien v. Southern Ocean County Chamber of Commerce</u>, 927 F.2d 132, 134 (3d Cir. 1991) (""Copyright is available only for the expression of a

---

[6] Plaintiffs attempt to distinguish the holding from Johnson's earlier action by asserting that the court in that case "determined that Test Market Pricing was not protectable as a phrase or concept, but did not rule on the phrase expressing the concept." (Doc. 58, at 6.) We do not appreciate the distinction that Plaintiffs are attempting to draw, and do not find that the argument they advance has merit. The phrases in question are not subject to copyright protection, regardless of whether they are used to sell automobiles or any other product. As noted below, Plaintiffs can also lay no claim to copyright protection for the ideas or concepts that they claim to be embodied in these short phrases.

work of authorship, not for a mere idea."). Johnson and his corporation simply are not entitled to enjoy the benefit of copyright protection for the concepts they claim to be expressed by the phrases "test market pricing" and "special notice."

    **C.    There is No Substantial Similarity Between Plaintiffs' Copyrighted Material and Defendant's Advertising Mailer.**

But even aside from the fact that Plaintiffs cannot claim a copyright to ideas or to the short phrases "test market pricing" and "special notice," Plaintiff has failed to show a substantial similarity between the protected elements of Plaintiffs' advertisements as a whole and Defendant's direct mailers. For this additional and fundamental reason, we will recommend that the Court grant Defendant's motion for summary judgment on Plaintiffs' infringement claims.

In order to prove that a copyright has been infringed, a plaintiff must show both that it owned the copyright that was allegedly infringed, and that the defendant copied the protected materials. Whelan Assocs., Inc. v. Jaslow Dental Lab, Inc., 797 F.2d 1222, 1231 (3d Cir. 1986); see also Dun & Bradstreet Software Servs. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2004) ("To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a

valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work.").[7]

Although it is rarely possible for a plaintiff to prove copying through direct evidence, a plaintiff may prove copying inferentially by showing that the defendant had access to the copyrighted material, and that the allegedly infringing work is substantially similar to the copyrighted material. Whelan Assocs., Inc., 797 F.2d at 1231-32.

The Third Circuit has adopted a two-pronged approach to evaluating claims of copying. As part of the first prong, a court may accept expert testimony in determining whether there is sufficient similarity between the works so as to conclude that the alleged infringer "copied" the work. Whelan Assocs., 797 F.2d at 1232. Second, the fact-finder is to determine whether a "lay-observer" would conclude that the copying was of protectible aspects of the copyrighted work. Id. The Third Circuit has explained this approach as follows:

---

[7] In the context of copyright law, "copying" is "a shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth in 17 U.S.C. § 106." Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 291 (3d Cir. 1991). Included among these exclusive rights are that the owner of a copyright "has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based on the copyrighted work; [and] (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending[.]" 17 U.S.C. § 106.

11

> The Court of Appeals for the Second Circuit has termed these two considerations as "actual copying" which focuses on access in conjunction with "probative" similarity, and "actionable copying" which considers whether there is "substantial" similarity between the alleged infringing work and protectible elements of the original work. The test for actual copying can be established by direct evidence or inferred by evidence of access and "similarities [sic] that are probative of copying between the works, and expert testimony." However, the Supreme Court has explained that "not all copying . . . is copyright infringement." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). The trial court therefore must still consider whether the copying is actionable, viewing the item through the lay person's eyes, focusing on whether the substantial similarities relate to protectible material.

Dam Things from Denmark v. Russ Berrie & Co.,290 F.3d 548, 562 (3d Cir. 2002)(additional internal citations and footnotes omitted).

Neither party proffered any expert testimony regarding the first prong of this standard, but instead have focused their competing arguments on the face of the advertisements themselves. The Court has undertaken careful review of these materials in the course of evaluating the pending motion for summary judgment. Review of the allegedly infringing materials – Defendant's direct mailers under the heading "Private Notice: Special Test Market" – reveals that they are not sufficiently similar to Plaintiffs' advertising materials to allow a reasonable factfinder to conclude that Defendant unlawfully copied Plaintiffs' copyrighted

materials. In visual appearance, the ads are nothing alike. Indeed, Plaintiffs make almost no effort to argue that the works bear any substantial similarity, but instead have merely argued that they are entitled to protection in the words "test market pricing" or "special notice" when these words are used in conjunction with an advertising campaign designed to sell automobiles. The Court has already explained why Plaintiffs are not entitled to claim copyright protection in these short phrases or the concepts Plaintiffs claim are embodied in them, and we find that Plaintiffs have simply failed to demonstrate sufficient similarity between the protected material and the allegedly infringing advertisements to survive summary judgment.

The only similarity between Plaintiffs' generic materials and the direct-mailers that Defendants issued is the use of short, general phrases "test market pricing" or variations thereof, and the fact that the mailers were used to promote automobile sales through a special sale or promotion. But the fact that Defendant used words such as "test market" and "special notice," however arranged, to market automobiles through a direct-mail campaign does not allow for a finding that Defendant unlawfully misappropriated Plaintiffs' copyrighted materials.

## V. CONCLUSION

In summary, the core elements of the copyrighted materials that Plaintiffs claim were copied – the phrases "test market pricing" and "special notice" – are not copyrightable. To the extent that in this litigation Plaintiffs have attempted to enforce a copyright for the ideas or concepts that Plaintiffs contend are embodied within these phrases, they fail to make out a valid copyright claim because ideas and concepts are not subject to copyright protection. Finally, review of the allegedly infringing materials and comparing them against Plaintiffs' copyrighted advertising materials shows that they are not substantially similar in any event. Accordingly, we conclude that no factfinder could reasonably find that Defendant's advertisements were substantially similar to the protected elements of Plaintiffs' work (i.e., the expression itself) so as to support a finding of infringement.

## VI. RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED that the Court enter an order granting Defendant's motion for summary judgment (Doc. 52), enter judgment in Defendant's favor, and close the case.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: January 27, 2010