# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SINCLAIR L.D. JOHNSON INTERNATIONAL, INC.** and **SINCLAIR L.D. JOHNSON**, : : : : **Plaintiffs** : : v. : : **FAULKNER NISSAN INC. d/b/a FAULKNER NISSAN**, : : : **Defendant** : | **CIVIL ACTION NO. 1:06-CV-2256** (Judge Conner) |

## **ORDER**

AND NOW, this 9th day of March, 2010, upon consideration of the report (Doc. 86) of the magistrate judge, recommending that defendant's motion (Doc. 52) for summary judgement be granted, holding that plaintiffs' written material is not entitled to copyright protection, and alternatively concluding that the material defendant allegedly copied is not sufficiently similar to plaintiffs' copyrighted material, and, following an independent review of the record, it appearing that plaintiff has copyrighted the terms "Test Market Pricing" and "Special Notice Collection," and claims that defendant infringed upon his copyright by using these terms in advertisement mailers, and the court finding that

plaintiffs' terms are not entitled to copyright protection as either phrases[1] or ideas,[2] and that even if copyright protection were extended to plaintiffs' phrases, there is no substantial similarity between plaintiffs' copyrighted material and defendant's advertisements,[3] and it appearing that neither party has objected to the findings of the magistrate judge's report and recommendation, and that there is no clear error on the

---

[1] Plaintiffs' material is not entitled to copyright protection as a matter of law. Copyright protection does not reach words and short ordinary phrases. See Southco, Inc. v. Kanebridge Corp., 390 F.3d 276, 285-86 (3d Cir. 2004); see also Johnson v. Automotive Ventures, Inc., 890 F. Supp. 507, 512 (W.D. Va. 1995) (holding that the instant plaintiffs' phrase "test market pricing" is not protected by copyright law); (Doc. 86 at 7-8).

[2] Copyright law protects expressions rather than ideas or concepts, and therefore no protection is afforded for the concepts that are claimed to be expressed in the terms "Test Market Pricing" and "Special Notice Collection." See Andrien v. S. Ocean County Chamber of Commerce, 927 F.2d 132, 134 (3d Cir. 1991); (Doc. 86 at 9-10).

[3] In order to prove that a copyright has been infringed, a plaintiff must establish (1) ownership of a valid copyright, and (2) unauthorized copying of original elements of the plaintiff's work. See Dun & Bradstreet Software Servs. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2004). Defendant concedes that plaintiffs have a valid copyright issued by the United States Copyright Office for both the phrases "Test Market Pricing" and "Special Notice Collection." However, the magistrate judge noted that plaintiffs failed to demonstrate sufficient similarity between the protected material and the allegedly infringing material. (Doc. 86 at 10-13). The magistrate judge applied the two-pronged approach for evaluating whether material was impermissibly copied as defined in Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc., 797 F.2d 1222, 1232 (3d Cir. 1986) (holding that the test for whether material was copied conjunctively weighs access and probative similarity). The magistrate judge found that the allegedly infringing materials are not sufficiently similar to plaintiffs' copyrighted advertisement materials to allow a reasonable fact finder to conclude that defendant copied plaintiffs' material. The court finds this reasoning persuasive, and adopts the analysis and conclusion of the magistrate judge's report.

face of the record,[4] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 86) is ADOPTED.

2. Defendant's motion for summary judgement (Doc. 52) is GRANTED.

3. The Clerk of Court is directed to enter JUDGMENT in favor of defendant and against plaintiffs on all claims.

4. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. An, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the remaining findings in the magistrate judge's report and recommendation in accordance with this Third Circuit directive.